CINCINNATI CONNECTING BELT RY. v. WILLIAM BURSKI.

1. DAMAGES FROM ORDINARY OPERATION OF STEAM RAILROAD DAMNUM ABSQUE INJURIA, WHEN.

A steam railroad company which occupies its own private right of way, and has constructed thereon its road in a proper and reasonable manner, is not liable for damages naturally resulting to adjoining improved property from the noises, smoke, cinders and jarring arising from the ordinary operation of its trains. Such damages are *damnum absque injuria*.

2. VERDICT AND JUDGMENT MUST BE BASED ON ISSUE RAISED BY PLEADINGS.

A verdict and judgment for damages based upon a cause of action not made an issue by the pleadings, and which is supported by evidence which is incidental only to the cause of action pleaded, will be reversed.

ERROR to Hamilton common pleas court.

**Hollister & Hollister** and **Walter A. DeCamp,** for plaintiff in error.

**A. H. Bode** and **W. W. Pease,** for defendant in error.

**SWING, J.**

William Burski and wife brought an action in the court of common pleas against the Cincinnati Connecting Belt Railroad Company for damages.

The gist of the action is thus set out in the petition. The Cincinnati Connecting Belt Railroad Company has constructed a railroad upon piling, a trestle very near his house, and by reason of this construction and the operating of the railroad by reason of the smoke and cinders from the engine, the danger from sparks, the noise of the trains and the jarring of the house caused by said trains, makes their home uninhabitable and untenantable, and deprives them of the comfort and enjoyment of their property.

The defendant railroad company filed an answer setting up that they had built the railroad in question on their own property and denying all other allegations.

The case went to trial and the jury rendered a verdict for $500 and judgment was rendered by the court for the amount of the verdict. This action is brought in this court to reverse this judgment.

The evidence is to the effect that the operation of the railroad has seriously damaged the property of Burski. The noise, cinders, smoke and jarring caused by the running of trains in front and near Burski's house has naturally caused great damage, and as to such damage the verdict of the jury is abundantly sustained by the evidence.

One item of the evidence that was produced at the trial was to the effect that the railroad company had constructed near Burski's residence a chute and side track, where coal was stored and dumped into wagons, and that when the coal was being dumped and the wind was blowing from that direction, coal dust was blown into and on the plaintiff's premises to such an extent as to cause great damage to plaintiff's property. This is not alleged in the petition as a ground for damages, but this evidence appears to have been incidental only to the cause as alleged in the petition, and the case does seem to have been tried on this as an issue. So that the verdict cannot be sustained on this evidence alone under the state of the pleadings and the issue as actually tried.

The second proposition of the syllabus in the case of Parrot v. Railway, 10 Ohio St. 624, 625, is as follows:

"That in respect to the noises, smoke, vapor, or other discomforts arising from the ordinary use of the railroad by the company, the occupant and owner of such lot and dwelling house has no more right to recover damages of the company than any citizen who resides, or may have occasion to pass, so near the street and railroad as to be subjected to like discomforts. That a railroad authorized by law, and lawfully operated, can not be deemed a private nuisance."

Under the facts in this case which arose in 1852, there was no right of recovery from a railroad company while occupying a public street;

this principle of the law as to public streets has been changed by Sec. 3283 Rev. Stat., which was passed in 1857, but except as to streets, it is the law in Ohio today. And not only is it the law in this state, but in all the states so far as we have been able to investigate.

This principle is recognized as the law, in the case of Balt. & P. Ry. v. Fifth Baptist Church, 108 U. S. 317 [2 Sup. Ct. Rep. 719; 27 L. Ed. 739, 744], which is relied on by the defendants in error in this case. On page 331, Justice Field says:

"Undoubtedly, a railway over the public highways of the district, including the streets of the city of Washington, may be authorized by congress, and if when used with reasonable care it produces only that incidental inconvenience which unavoidably follows the additional occupation of the streets by its cars with the noises and disturbances necessarily attending their use, no one can complain that he is incommoded. Whatever consequential annoyance may necessarily follow from the running of cars on the road with reasonable care is *damnun absque injuria.* The private inconvenience in such case must be suffered for the public accommodation.

"But the case at bar is not of that nature. It is a case of the use by the railroad company of its property in such an unreasonable way as to disturb and annoy the plaintiff."

In this case there is no allegation that the railroad company had constructed or has operated its road in an unreasonable way, nor is there any evidence, other than that in regard to the side track and coal chute above referred to, which tends to show an improper and unreasonable construction and operation of its road.

What Burski may be able to show under proper allegations as to the construction of this coal chute and side track near his house, we cannot say, but under the pleadings and evidence as presented in this record, we feel bound to hold that the judgment is not sustained by the evidence, and the judgment is therefore reversed and cause remanded for further proceedings.

**Giffen** and **Jelke, JJ.,** concur.